IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUAN MEDINA,

        Plaintiff,

v.                                                        1:16-cv-02036-WSD

NATIONSTAR MORTGAGE LLC,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant Nationstar Mortgage LLC's Motion to Stay [17].

**I.     BACKGROUND**

On June 17, 2016, Plaintiff Juan Medina ("Medina") filed this action against Defendant Nationstar Mortgage LLC ("Nationstar") for willful violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 et seq. ([1]). Medina's Complaint alleges that Nationstar used an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice technology to call Medina approximately two-hundred (200) times, in an attempt to collect a debt. (Id. ¶¶ 12, 17, 26, 28, 38). Medina's Complaint alleges that all of these calls were made without his "express consent," and that the calls continued after he "expressly

revoked any consent" and demanded "to have his number removed from [Nationstar's] system." (Id. ¶¶ 20-22). Medina seeks a jury trial and judgment against Nationstar for violation of the TCPA for repeatedly placing non-emergency telephone calls to Medina's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice technology without Medina's prior express consent. (Id. ¶¶ 38-39).

On July 29, 2016, Nationstar filed its Answer [9]. On September 27, 2016, the parties filed a Joint Preliminary Report and Discovery Plan [12], which the Court approved [15] and set December 27, 2016, as the close of discovery.[1] On September 29, 2016, Nationstar moved to stay this case. Nationstar contends that a stay is warranted because there is a pending appeal that may "be dispositive or, at a minimum, highly instructive" of Medina's claim under the TCPA. ([17] at 1). Medina opposes any stay, arguing that (i) the appeal is not likely to result in a decision favorable to Nationstar; (ii) any favorable decision would not be dispositive of his TCPA claim; and (iii) a stay would be of indefinite duration and thus "immoderate." (See [18]).

On December 14, 2016, the Court ordered that the discovery period in this

---

[1] In the Joint Preliminary Report and Discovery Plan, Nationstar informed the Court of its plan to move to stay the case pending the outcome of an appellate court ruling. ([12] at 7).

case be extended from December 27, 2016, through and including February 15, 2017.  ([23]).

## II.   DISCUSSION

### A.   Legal Standard

A district court has "broad discretion to stay proceedings as incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")).  Determining whether a stay is justified requires an "exercise of judgment, which must weigh competing interests and maintain an even balance."  Id. at 254-55.

"A variety of circumstances may justify a district court stay pending the resolution of a related case in another court.  A stay sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court."  Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000).  "When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay.  A stay must not be 'immoderate.'"

Id.  Stays should not merely "postpone[] the district court's inevitable consideration of the claim," they should "conserve judicial resources or aid in comprehensive disposition of the litigation."  Amer. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc., 743 F.2d 1519, 1525 (11th Cir. 1984)).

"'When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set.'" Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 842 F. Supp. 2d 1360, 1369 (N.D. Ga. 2012) (citation omitted).  "The proponent of a stay bears the burden of establishing its need."  S.E.C. v. CRE Capital Corp., No. 1:09-CV-0114-RWS, 2009 WL 1151739, at *2 (N.D. Ga. Apr. 27, 2009) (citation and internal marks omitted).

    B.    Analysis

Nationstar filed its Motion to Stay, arguing that a stay is appropriate because the outcome in the consolidated appeal before the United States Court of Appeals for the D.C. Circuit, in ACA Int'l v. FCC, No. 15-1211 (D.C. Cir.), "will be dispositive or, at a minimum, highly instructive" of Medina's sole TCPA claim.

([17]).² In ACA International, the D.C. Circuit will address, among other things, whether the FCC's treatment of the term "capacity" in defining ATDS is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or whether the FCC "articulated 'a rational connection between the facts found and the choice made.'" ADX Commc'ns of Pensacola v. FCC, 794 F.3d 74, 79 (D.C. Cir. 2015).

Medina argues that Nationstar's Motion "is built upon speculation and hypothetical regarding what the D.C. Circuit *could* or *might* do at some point in the future." ([18] at 2 (alteration in original)). Because the D.C. Circuit's "review process will be 'highly deferential' and the 2015 FCC Order will be presumed

---

² In July 2015, the FCC issued a "Declaratory Ruling and Order", 30 FCC Rcd. 7961, addressing key language in the TCPA, including "whether dialing equipment is an autodialer under the TCPA when it does not have the 'current capacity' or 'present ability' to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made." 2015 FCC Order, 30 FCC Rcd. 7961, 7972 (2015). The FCC clarified that "the Commission has already twice addressed the issue in 2003 and 2008, stating that autodialers need only have the 'capacity' to dial random and sequential numbers, rather than the 'present ability' to do so. Hence any equipment that has the requisite 'capacity' is an autodialer and is therefore subject to the TCPA." Id. at 7973 ("In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities."). Two of the five FCC commissioners dissented. Since the issue of the 2015 FCC Order, numerous "Hobbs Act" petitions were filed to challenge the order. By order of the Judicial Panel on Multidistrict Litigation, the petitions were consolidated under 28 U.S.C. § 2112(a)(3) and assigned to the Court of Appeals for D.C. Circuit.

valid," Medina argues that "it is unlikely" that the D.C. Circuit's decision "will impact this case." ([18] at 18). Medina next argues that, even if the D.C. Circuit were to change the FCC's definition of an ATDS, the impact would be minimal because Medina's Complaint alleges that Nationstar's calls used "a pre-recorded voice as well as an ATDS." (Id. at 11); see also Vaccaro v. CVS Pharmacy, Inc., No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *1 (S.D. Cal. July 16, 2013) ("Because the provision is written in the disjunctive, plaintiffs can state a claim under the TCPA by allegin[g] the use of (1) an 'artificial or prerecorded voice' or (2) an ATDS.").

Having carefully considered the parties' arguments, the Court concludes that the decision of ACA International will not be dispositive in this case. Gosneigh v. Nationstar Mortg., LLC, No. 8:16-CV-3040-T-33AEP, 2017 WL 435818, at *2 (M.D. Fla. Feb. 1, 2017) (declining to stay TCPA case pending decision of ACA International because ACA International will not be dispositive where the plaintiff alleged the defendant made "both calls using an ATDS and calls using an artificial or prerecorded voice"); see also Sliwa v. Bright House Networks, LLC, No. 2:16-cv-235-FtM-29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016) (same); Rodriguez v. DFS Servs., LLC, No. 8:15-cv-2601-T-30TBM, 2016 WL 369052, at *3 (M.D. Fla. Feb. 1, 2016) (same). The Court is not

6

persuaded that any ruling from the D.C. Circuit will necessarily be favorable for Nationstar, and to the extend that the D.C. Circuit issues such ruling, the decision will not be dispositive to Medina's claim.[3]  The decision will have no effect on whether Nationstar called Medina using a pre-recorded voice or whether Nationstar's technology has "the present ability" to autodial and is nonetheless subject to the TCPA.

Nationstar next argues that it will suffer undue hardship in conducting discover and trial preparation while the ACA International court determines "the uncertain difference between 'potential' capacity and 'theoretical' capacity under the definition of an ATDS."  ([19] at 3).  The Court previously extended the discovery deadline from December 27, 2016, to February 15, 2017.  ([23]).  Discovery now having been completed, any extent of undue hardship in

---

[3]   To be sure, the Court recognizes that the D.C. Circuit's ruling may simplify some of the issues in this case and may be "highly instructive" as Nationstar asserts.  However, until the D.C. Circuit vacates the FCC's interpretations of an ATDS, the FCC's Final Order "has the force of law" in this Court.  Mais v. Gulf Coast Collection Bureau, Inc., 768 F.3d 1110, 1121 (11th Cir. 2014); see also Sliwa, 2016 WL 3901378, at *4 ("This reason . . .is alone sufficient to deny [the defendant's] Motion for Stay."); Lathrop v. Uber Techs., Inc., No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("Even if the D.C. Circuit were to modify or vacate the 2015 FCC Order, factual disputes, such as whether an ATDS was used and whether text recipients provided their consent, will remain here.")

conducting discovery is now moot.

There is no compelling reason to require a stay. The case is not in its early stage, and discovery is complete. Staying the proceedings will require Medina to wait for the D.C. Circuit to make its ruling and possibly to wait for the Supreme Court to review that ruling. It is also unclear the impact of ACA International on the various issues in this case. A stay under these circumstances will not promote judicial economy, and the Court declines to stay the proceedings as requested by Nationstar.[4]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Nationstar Mortgage LLC's Motion to Stay [17] is **DENIED**.

---

[4] "Although some courts have granted a stay, it seems most have found a stay unwarranted, including several courts in this District and Circuit." Sliwa, 2016 WL 3901378, at *3; see also Bowden v. Bright House Networks, LLC, No. 2:16-CV-1237-VEH, 2017 WL 57343, at *2 (N.D. Ala. Jan. 5, 2017) (finding that "a stay pending the decision of another court necessarily is 'indeterminate'"); Gosneigh, 2017 WL 435818, at *1 (M.D. Fla. Feb. 1, 2017) (determining that a stay pending the D.C. Circuit's decision in ACA International is unwarranted); Terec v. Reg'l Acceptance Corp., No. 8:16-CV-2615-T-30MAP, 2017 WL 662181, at *2 (M.D. Fla. Feb. 17, 2017) (finding no compelling reason to stay, and the stay requested to be immoderate).

**SO ORDERED** this 13th day of March, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE